## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Carl Green,                                                        Case No. 22-cv-972 (KMM)

               Appellant,

v.

                                         **ORDER**

Steven B Nosek; Wilmington Trust N.A.,
as Trustee for the Benefit of the Holders of
B2R Mortgage Trust 2016-1 Mortgage
Pass-Through Certificates,

               Appellees.

---

Appellant Carl Green filed this appeal challenging several orders entered by Chief Judge Katherine A. Constantine of the United States Bankruptcy Court for the District of Minnesota. *See* Green v. Nosek, et al. (*In re* Schuldner), Ch. 11 Case No. 21-50323 (Bankr. D. Minn.). Appellee Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of B2R Mortgage Trust 2016-1 Mortgage Pass-Through Certificates ("Wilmington Trust"), has filed a motion to dismiss this appeal pursuant to Fed. R. Bankr. P. 8013 and Local Rule 8013A. For the reasons that follow, the motion is granted.

## I.      BACKGROUND

This appeal involves bankruptcy proceedings with an extensive procedural history.[1] Schuldner, LLC (the "debtor" or "Schuldner") owned fifteen residential rental properties in Duluth, Minnesota.  [Debtor's Status Report 1, Dkt. No. 10, Bankr. 21-50323.]  Mr. Green is the sole shareholder of Schuldner.  [*Id.*]  Wilmington Trust is the principal creditor and holds a lien on all the properties.  [*Id.*]

Schuldner has filed several previous petitions in bankruptcy court.  For instance, it filed under Chapter 7 of the United States Bankruptcy Code in September 2018, but the case was dismissed without prejudice for failure to file the requested documents.  [Order of Dismissal, Dkt. No. 13, Bankr. No. 18-50636.]  Schuldner also filed under Chapter 11 in November 2018, and that case was also dismissed.  [Order, Dkt. No. 110, Bankr. No. 18-43729.]  The United States Trustee has accused Mr. Green of "abusing the bankruptcy process [and] . . . the protections that the Bankruptcy Code offers to honest but unfortunate debtors" through his "15 different forays into the bankruptcy court."  [United States Trustee's Objection to Second Mot. for Reinstatement or Dismissal 2, Dkt. No. 2 Attach. 8.]

---

[1] Facts in this section are taken from the documents attached to the bankruptcy court's transmittal, [*see* Bankr. Transmittal, Dkt. No. 2, Attach 1–12], as well as documents filed in the underlying bankruptcy proceedings, of which this Court takes judicial notice.  *See Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 220 (D.D.C. 2014) (explaining that a district court court "may also consider documents in the public record . . . as well as the existence of other litigation, including bankruptcy proceedings.").  Given that the parties provided a combined six pages of briefing relating to Wilmington Trust's Motion to Dismiss, the Court finds it necessary to take judicial notice of filings in the bankruptcy proceedings to be able to rule on the motion.

Most recently and relevant to this appeal, the debtor filed a petition under Chapter 11 in July 2021, and a subchapter V bankruptcy trustee, Steven B Nosek, was appointed. [*Id.* 1– 2.] Schuldner's properties have been in the possession of a court-appointed receiver since October 2018, shortly after Wilmington Trust initiated state-court receivership proceedings. [*Id.*; *see also* Wilmington Trust's Mot. for Relief from Stay ¶¶ 33–44, Dkt. No. 18, Bankr. 21- 50323.] Upon the Chapter 11 filing, however, physical possession of the properties was turned over to Schuldner and its sole shareholder, Mr. Green. [United States Trustee's Objection to Second Mot. for Reinstatement or Dismissal 3, Dkt. No. 2 Attach. 8.] Wilmington Trust asserts that the debtor filed for relief under Chapter 11 "as part of a years- long plot to thwart" its attempt to foreclose on his properties for non-payment of its loans. [Resp. Supp. Mot. to Convert Case to Chapter 7 or Remove Debtor from Possession 1, Dkt. No. 23, Bankr. 21-50323.]

After possession of the properties was turned over to Schuldner, the United States Trustee filed a motion seeking to again remove the debtor from possession of the property pursuant to 11 U.S.C. § 1185 and appoint the subchapter 7 trustee to assume the debtor's duties. [Mot. to Dismiss or Convert Case to Chapter 7 ¶¶ 12–14, Dkt. No. 11, Bankr. 21- 50323] (hereinafter "Motion to Remove Debtor"). The United States Trustee provided two grounds for that motion. First, the United States Trustee asserted that the debtor failed to complete filing requirements, confirm insurance coverage for the properties, and send the required information to Mr. Nosek so that he could complete his duties as the subchapter V trustee. [Mot. to Dismiss or Convert Case to Chapter 7 ¶¶ 12–14, Dkt. No. 11, Bankr. 21- 50323.] Second, a debtor is not entitled to remain in Chapter 11 proceedings without

representation by legal counsel, and no attorney had applied to represent Schuldner.  [*Id.* ¶ 15.]

Schuldner opposed the Motion to Remove Debtor and subsequently had a lawyer apply to represent it.  [*See* Resp. to Motion, Dkt. No. 24, Bankr. 21-50323; Appl. for Retention of Att'y, Dkt. No. 14, Bankr. 21-50323.]  After a notice and a hearing that the debtor's counsel attended, the bankruptcy court entered an order removing the debtor from possession of the properties and appointing the subchapter V trustee to assume the debtor's duties.  [Order Removing Debtor from Possession, Dkt. No. 32, Bankr. 21-50323.]

Mr. Green then filed a Motion to Reinstate and in the Alternative Dismiss Chapter 11 (hereinafter "First Motion for Reinstatement or Dismissal").  [Mot., Dkt. No. 51, Bankr. 21-50323.]  After a hearing that Mr. Green did not attend, the bankruptcy court denied the motion without prejudice.  [Order Denying Mot., Dkt. No. 66, Bankr. 21-50323.]  Mr. Green filed a notice of appeal to the Eighth Circuit Bankruptcy Appellate Panel ("BAP"), and Wilmington Trust filed a motion to dismiss the appeal.  The BAP granted the motion and dismissed the appeal in March 2022, holding that the bankruptcy court's denial of Mr. Green's motion for reinstatement was not a final order giving rise to appellate jurisdiction under 28 U.S.C. § 158(a) and that Mr. Green did not comply with the requirements under Fed. R. Bankr. P. 8004 to appeal from an interlocutory order.  *Green v. Nosek*, No. 21-6016 (B.A.P. 8th Cir. March 7, 2022); *see also* Judgment on Appeal from BAP, Dkt. No. 288, Bankr. 21-50323.

Several weeks later, Mr. Green filed a second motion seeking reinstatement, entitled "Second Amended Motion of Reinstatement and/or in the Alternative Dismissal for Cause

Including Deprivation and Lack of Good Faith" (hereinafter "Second Motion for Reinstatement or Dismissal." [Second Mot. for Reinstatement or Dismissal, Dkt. No. 165, Bankr. 21-50323.] After a notice and a hearing, at which Mr. Green also did not appear, the bankruptcy court denied Mr. Green's Second Motion for Reinstatement or Dismissal with prejudice. [Order Denying Mot., Dkt. No. 194, Bankr. 21-50323.] This is one of the orders Mr. Green appeals to this Court.

On the day of the scheduled hearing for his Second Motion for Reinstatement or Dismissal, Mr. Green also filed a "Motion of Evidentiary Hearing and Request for Continuance Until Evidentiary Hearing . . . or Dismissal in the Alternative for Fraudulent Transfer/Cause" (hereinafter "Motion for Evidentiary Hearing"). [Mot of Evidentiary Hr'g, Dkt. 191, Bankr. 21-50323.] In this motion, he requested an evidentiary hearing on his Second Motion for Reinstatement or Dismissal and attached correspondence with Judge Constantine's deputy, in which Mr. Green stated that attending the hearing on his Second Motion for Reinstatement or Dismissal would be a "waste of [his] time" without an evidentiary hearing. [*Id.* 3]. The bankruptcy court denied his Motion for Evidentiary Hearing. [Order, Dkt. No. 195, Bankr. 21-50323.] Mr. Green also appeals that order to this Court.

After the subchapter V trustee assumed duties as possessor of the properties, it entered purchase agreements on behalf of Schuldner for sales of all the properties. To consummate the sales, the subchapter V trustee began filing Motions to Sell Assets Free and Clear of Liens, Claims & Encumbrances in December 2021 (hereinafter "motions to sell") that sought the bankruptcy court's approval of the sales. [*See, e.g.*, Mots. to Sell, Dkt. Nos.

70, 71, Bankr. 21-50323.]  Between January and March 2022, the bankruptcy court granted

ten of the subchapter V trustee's motions to sell.  [*See* Orders to Sell Assets, Dkt. Nos. 88,

139, 140, 141, 142, 143, 144, 145, 146, 148, Bankr. 21-50323.]

Mr. Green appealed these sale orders to the BAP.  [Not. of Appeal, Dkt. 163, Bankr.

21-50323.]  Wilmington Trust again filed a motion to dismiss the appeal pursuant to Fed. R.

Bankr. P. 8013 and Local Rule 8013A.  In July 2022, the BAP granted the motion and

dismissed Mr. Green's second appeal.  The BAP reasoned in the alternative that (1) the

appeal is moot because the sales have been consummated; (2) it was impossible to

understand the bankruptcy court's reasoning for the sale orders because Mr. Green failed to

file transcripts for the hearings in contravention of the BAP's briefing schedule; and (3) Mr.

Green waived his right to appeal by failing to object to the motions to sell and by failing to

appear at the hearings regarding those motions.  *See Green v. Nosek*, No. 22-6001 (B.A.P. 8th

Cir. July 20, 2022); *see also* Judgment on Appeal from BAP, Dkt. No. 287, Bankr. 21-50323.

The subchapter V trustee filed additional motions to sell in March 2022.  [*See, e.g.*,

Mots. to Sell, Dkt. Nos. 131, 162, Bankr. 21-50323.]  After notice and a hearing on April 13,

2022, at which Mr. Green did not appear, the bankruptcy court granted the motions.

[Orders, Dkt. Nos. 192, 193, Bankr. 21-50323.]  These are the other two orders Mr. Green

appeals to this Court.

Two days later, Mr. Green filed this appeal, in which he challenges four decisions by

the bankruptcy court: (1) the two orders dated April 13, 2022, granting two of the

subchapter V trustee's motions to sell (hereinafter the "Sale Orders") [Dkt. Nos. 192, 193];

(2) the order denying Mr. Green's Second Motion for Reinstatement or Dismissal with

6

prejudice [Dkt. No. 194]; and (3) the order denying Mr. Green's Motion for Evidentiary Hearing [Dkt. No. 195]. After he filed a notice of appeal with this Court, he also filed two appeals with the BAP, both of which have been dismissed for failure to prosecute. [*See* Judgment on Appeal from Bankruptcy Appellate Panel, Dkt. Nos. 294, 306, Bankr. 21-50323.]

## II.    STANDARD OF REVIEW

Bankruptcy court orders can be appealed either to district courts or a circuit court's Bankruptcy Appellate Panel. *See generally* 28 U.S.C. § 158. Appeals are reviewed by the Bankruptcy Appellate Panel unless a party affirmatively requests review by the district court. *Id.* §158(c). Here, Mr. Green affirmatively requested this appeal be reviewed by the district court. [Clerk's Notice on Appeal, Dkt. No. 1.]

District courts do not have jurisdiction over every order entered by the bankruptcy court. They have jurisdiction to "hear appeals from final judgments, orders, and decrees" and, "with leave of the court, from . . . interlocutory orders." 28 U.S.C. § 158(a)(1),(3). If an appellant is appealing an interlocutory order, they must also file a motion for leave to appeal. *Id.* § 158(a)(3). If they fail to include a motion for leave but have timely filed a notice of appeal, however, a district court may "treat the notice of appeal as a motion to leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

When a party to a bankruptcy proceeding appeals to the district court from an order entered by a bankruptcy judge, "the district court sits as an appellate court and applies the same standard of review as the court of appeals." *In re Kloeppner*, 460 B.R. 759, 761 (D.

Minn. 2011) (citation omitted).  This Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo.  *Id.*

## III.   DISCUSSION

Wilmington Trust argues that Mr. Green's appeal should be dismissed for two reasons.  First, Wilmington Trust asserts that Mr. Green waived his right to appeal by failing to object to the motions underlying the Sale Orders in the bankruptcy court.  Second, Wilmington Trust asserts that Mr. Green's Second Motion for Reinstatement or Dismissal and his Motion for Evidentiary Hearing are not "final judgments, orders, and decrees" that would vest this Court with jurisdiction under 28 U.S.C. § 158.  The Court considers these arguments in turn.

### A.  Sale Orders

In response to Wilmington Trust's motion, Mr. Green contends that he "objected to the relief in the appeals orders more than once."  [Pl's. Oppos. to Mots. to Dismiss, Dkt. No. 8.]  The Court, however, agrees with Wilmington Trust that Mr. Green failed to object. Although he objected to two of the earlier motions to sell that were granted by the bankruptcy court, [*see* Objections, Dkt. Nos. 76, 78, Bankr. 21-50323], he did not object to the motions underlying the specific orders that he appeals to *this* Court.  The BAP has held that a "party that fails to object to a motion cannot seek review of an adverse decision on that motion on appeal."  *In re Brown*, 446 B.R. 270, 272 (B.A.P. 8th Cir. 2011).  In fact, the BAP dismissed one of Mr. Green's four appeals on the grounds that he forfeited his appeal of other sale orders by not objecting to the underlying motions to sell.  *See Green v. Nosek*, No. 22-6001, (B.A.P. 8th Cir. July 20, 2022).  The same conclusion applies here.

Additionally, this Court finds grounds to dismiss Mr. Green's appeal of the Sale Orders as moot because the sales subject to those orders have been consummated. In its July 12, 2022, motion seeking to convert the case to Chapter 7 proceedings or dismiss, the United States Trustee confirmed that Mr. Nosek closed on the last properties as of July 8, meaning that all of the sales orders have now been consummated after securing the approval of the bankruptcy court. [*See* United States Trustee's Mot. to Dismiss or Convert Case to Chapter 7 ¶ 13, Dkt. No. 281, Bankr. 21-50323.]

The Bankruptcy Code provides that reversing the authorization of a sale of property "does not affect the validity of a sale . . . to an entity that purchased" the property in good faith, unless the sale was "stayed pending appeal." 11 U.S.C. § 363(m). In other words, this provision moots a challenge to unstayed orders entered by the bankruptcy court that approve the sale of property to a good-faith purchaser. *See In re AFY*, 734 F.3d at 816 (affirming that appeal of sale order was mooted by § 363(m) because "appellants did not obtain a stay of the sale order."). Courts regularly rely upon the statutory mootness doctrine to dismiss appeals from unstayed sales orders involving good-faith purchasers. *See, e.g., Clearview Energy, LLC v. Mammoth Res. Partners, Inc.*, 491 B.R. 489, 493 (W.D. Ky. 2013) (granting appellee's motion to dismiss because the appeal of a sale order was mooted by appellant's failure to obtain a stay on the proceedings); *In re Nashville Sr. Living, LLC*, 620 F.3d 584, 595 (6th Cir. 2010) (same).

In this case, Mr. Green sought to stay the sales pending his various appeals. On May 31, 2022, he filed a Motion for Adequate Protection and Motion to Suspend Sales Proceeding (hereinafter "Motion to Suspend Sales"). Though he does not explicitly request

a stay in this motion, this filing can fairly be interpreted to be seeking one, especially in light

of Mr. Green's pro se status. [*See* Mot. to Suspend Sales Proceeding, Dkt. No. 238, Bankr.

21-50323.] On the day of the scheduled hearing for his Motion to Suspend Sales, June 22,

2022, Mr. Green filed another motion, this one expressly seeking a stay of all sales. [*See* Mot.

for Stay of All Sales Pending Appeal, Dkt. No. 265, Bankr. 21-50323.] The bankruptcy court

issued an order the day after the hearing on his Motion to Suspend Sales in which it denied

the motion, among others. [*See* Order Denying Mots., Dkt. No. 268, Bankr. 21-50323.] In

this order, the bankruptcy court noted that Mr. Green did not attend the hearing. [*Id.*] Mr.

Green appealed the bankruptcy court's denial of a stay to the BAP, which dismissed his

appeal as part of its August 18, 2022 ruling for failure to prosecute. *See Green v. Nosek*, No.

21-6016 (B.A.P. 8th Cir. March 7, 2022).

Consequently, the Sale Orders that Mr. Green appeals to this Court have not been

stayed by any party. And although Mr. Green makes accusations against the United States

Trustee and the subchapter V trustee, he has not alleged that the purchasers were not acting

in good faith. Therefore, the two requirements for statutory mootness under 11 U.S.C. §

363(m) are met, and this Court dismisses Mr. Green's appeal of the bankruptcy court's Sale

Orders as moot.

### B. Second Motion for Restatement or Dismissal and Motion for Evidentiary Hearing

It is Wilmington Trust's position that this Court lacks jurisdiction over Mr. Green's

appeals of the bankruptcy court orders denying his Second Motion for Reinstatement and

his Motion for Evidentiary Hearing because those orders are not final orders of the

bankruptcy court. This Court has jurisdiction to "hear appeals from final judgments, orders,

and decrees" and, "with leave of the court, from . . . interlocutory orders."  28 U.S.C. §

158(a)(1),(3).  If the appellant is appealing an interlocutory order, they must also file a

motion for leave to appeal.  *Id.* § 158(a)(3).  The appellant must provide "the facts necessary

to understand the question presented; the question itself; the relief sought; the reasons why

leave to appeal should be granted; and a copy of the interlocutory order."  Fed. R. Bankr. P.

8004(b).

> For a bankruptcy court order to be a "final order" within the meaning of section

158(a), "there must be some clear and unequivocal manifestation by the bankruptcy court of

its belief that the decision made, so far as the court is concerned, is the end of the case." *In re*

*Dwyer*, 244 B.R. 426, 429 (B.A.P. 8th Cir. 2000) (citing *Minnesota v. Kalman W. Abrams Metals,*

*Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998) and *Goodwin v. United States*, 67 F.3d 149, 151 (8th

Cir. 1995)).  In the Eighth Circuit, an order may be considered final only if: "(1) the order

leaves the bankruptcy court nothing to do save execute the order; (2) a delay in obtaining

review would prevent the aggrieved party from obtaining effective relief; or (3) a later

reversal on that issue would require recommencement of the entire proceeding." *In re*

*Coleman Enterprises, Inc.*, 275 B.R. 533, 535 (B.A.P. 8th Cir. 2002).

> With respect to the Motion for Evidentiary Hearing, the Court readily finds that it is

not a final order giving rise to appellate jurisdiction.  The denial of such a motion does not

signify the end of the bankruptcy proceedings, but rather is an intermediate decision by the

bankruptcy court on a particular issue.  *See United States v. Hively*, 437 F.3d 752, 759 (8th Cir.

2006) (commenting that a party's appeal of a denial of a motion for an evidentiary hearing is

interlocutory in nature).

The question of whether the bankruptcy court's rejection of the Second Motion for Reinstatement or Dismissal constitutes a final order is perhaps a closer call. But it, too, fails to be final under the analytical framework adopted in this circuit. After the bankruptcy court denied this motion, the status quo remained in place and the subchapter V trustee continued to act as the debtor in possession. Judging by the 115 docket entries in the bankruptcy proceedings that followed the denial of Mr. Green's second reinstatement motion, there is no suggestion by the bankruptcy court that its decision on that particular issue was the end of the case, let alone a "clear and unequivocal manifestation" of such a belief. *In re Dwyer*, 244 B.R. at 429. And this Court can find no authority that a "later reversal" on the decision of who should be in possession of the property during the bankruptcy proceedings would require recommencement of those proceedings. *In re Coleman Enterprises, Inc.*, 275 B.R. at 538.

When the orders denying Mr. Green's motions are properly viewed as interlocutory orders, this Court has no hesitation in finding that it lacks jurisdiction. This Court only has jurisdiction to hear appeals from interlocutory orders "with leave of the court." 28 U.S.C. § 158(a)(1),(3). But Mr. Green did not seek leave from this Court to appeal interlocutory orders entered by the bankruptcy court. Though this Court has the discretion to construe Mr. Green's Notice of Appeal as a motion for leave to appeal an interlocutory order, *see* Fed. R. Bankr. P. 8004(d), it chooses not to exercise that discretion because Mr. Green's Notice of Appeal does not contain the necessary contents of the motion, as outlined by Fed. R. Bankr. P. 8004(b)(1). In fact, Mr. Green has submitted nothing in support of his appeal since filing the Notice of Appeal. For these reasons, the Court holds that it lacks jurisdiction

to hear Mr. Green's appeal of the orders denying his Second Motion for Reinstatement or

Dismissal and his Motion for Evidentiary Hearing.[2]

## IV.   ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED:**

1.  Appellee Wilmington Trust's Motion to Dismiss Appellant's Appeal [Dkt. No. 7]

    is **GRANTED**.  Appellant Carl Green's appeal is **DISMISSED**.

Date: November 10, 2022

_s/Katherine Menendez_
Katherine Menendez
United States District Judge

---

[2] The Court is aware of Judge Constantine's indicative ruling dated November 2, 2022, regarding the United States Trustee's Motion to Dismiss or Convert to Chapter 7.  [*See* Dkt. No. 309, Bankr. 21-50323].  Upon this Court's dismissal of Mr. Green's appeal, the bankruptcy court now has jurisdiction, pursuant to Fed. R. Bankr. 8008(c), to rule on the United States Trustee's motion.  This Court declines to retain any jurisdiction over these proceedings and remands them fully to the bankruptcy court.